IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAMBI WOJTASZEK, on behalf of herself and similarly situated employees, | : CIVIL ACTION |
| | : |
| | : ELECTRONICALLY FILED |
| Plaintiff, | : ON OCTOBER 15, 2017 |
| v. | : |
| | : CLASS/COLLECTIVE ACTION |
| BALD EAGLE FUEL & TIRE, INC., | : |
| | : JURY TRIAL DEMANDED |
| Defendant. | : |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiff Bambi Wojtaszek ("Plaintiff"), on behalf of herself and similarly situated employees, brings this class/collective action lawsuit against Defendant Bald Eagle Fuel & Tire, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in same action).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Centre Hall, PA (Centre County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporation headquartered in Phillipsburg, PA (Centre County).

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. Defendant owns and operates over 15 "Snappy's" convenience stores in central Pennsylvania.

9. Since around 2011, Defendant has employed Plaintiff in various positions.

10. During the 3-year period covered by this lawsuit, Plaintiff and at least 50 other individuals have been employed by Defendant in "salaried" jobs at Snappy's stores and treated as "exempt" from the overtime pay mandates of the FLSA and PMWA. For example:

   (a) From approximately February 2016 until approximately August 2016, Plaintiff worked as the Acting Manager of the Centre Hall, PA store. In this capacity, Plaintiff usually worked over 55 hours per week, was paid an annual

salary of approximately $29,500, and received no compensation for her overtime work.

(b) From approximately September 2016 until approximately November 2016, Plaintiff worked as a Co-Manager of the Centre Hall, PA store. In this capacity, Plaintiff often worked over 45 hours per week, was paid an annual salary of approximately $31,000, and received no compensation for her overtime work.[1]

(c) Since approximately September 2017, Plaintiff has worked as an Assistant Manager of the Milesburg, PA store. In this capacity, Plaintiff often works over 45 hours per week, is paid an annual salary of approximately $36,000, and receives no compensation for her overtime work.

11. In each of the above "manager" positions, Plaintiff – like other salaried store employees – has spent almost all of her time performing non-managerial duties such as, for example, servicing customers, stocking shelves, loading/unloading/counting inventory, working the cash register, and cleaning the store. This is not surprising, since Plaintiff – like other salaried store employees – often works in the store either alone or with only 1-2 other employees.

12. Defendant has acted willfully and with reckless disregard of clearly

---

[1] In around November 2016, Defendant reclassified various store managers from overtime-exempt to overtime-non-exempt. Defendant has never reimbursed any of these reclassified employees for their previously unpaid overtime wages.

applicable FLSA provisions by failing to pay Plaintiff and other salaried store employees any compensation for hours worked over 40 during the workweek.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13.  Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:  All individuals employed at a Snappy's convenience store and paid on a salary basis during any time within the past 3 years.

14.  Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

15.  Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

16.  The class is readily ascertainable based on Defendant's standard payroll records and is so numerous that joiner of all class members is impracticable.

17.  Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

18. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

19. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide pay policies, as summarized herein. The legality of these policies will be determined through the application of generally applicable legal principles to a common set of facts.

20. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

21. All previous paragraphs are incorporated as though fully set forth herein.

22. Plaintiff and the collective are employees entitled to the FLSA's protections.

23. Defendant is an employer covered by the FLSA.

24. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular pay rate for all hours worked over 40 per

week.  *See* 29 U.S.C. § 207(a)(1).

25. Defendant violated the FLSA by failing to pay Plaintiff and the collective any compensation, including overtime premium compensation, for hours worked over 40 per week.

26. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

## COUNT II
### (Alleging PMWA Violations)

27. All previous paragraphs are incorporated as though fully set forth herein.

28. Plaintiff and the class are employees entitled to the PMWA's protections.

29. Defendant is an employer covered by the PMWA.

30. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

31. Defendant violated the PMWA by failing to pay Plaintiff and other Rule 23 class members any compensation, including overtime premium compensation, for hours worked over 40 per week.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the proposed class and collective, seeks the following relief:

A. Unpaid overtime wages (including overtime wages) and prejudgment interest;

B. Liquidated damages;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff requests a jury trial as to all claims so triable.

Date: October 15, 2017          Respectfully,

/s/ Peter Winebrake

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491
pwinebrake@winebrakelaw.com

*Attorneys for Plaintiff*

## **CONSENT TO BECOME PARTY PLAINTIFF**

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_Bambi Wojtaszek_
Signature

_Bambi Wojtaszek_
Name (Please Print Clearly)